UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CRIMINAL ACTION NO. 07-200-JMH-JGW
(Civil Action No. 10-7122)

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

**v.**

**KENDELL LEE FRANKLIN,**                                                                    **DEFENDANT**

**REPORT AND RECOMMENDATION**

On May 10, 2010, defendant Kendell Lee Franklin filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This matter has been assigned to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b). Having conducted a preliminary review of the motion, I decline to require the United States to file a response, because the motion is untimely and because the defendant expressly waived his right to file a post-conviction motion.

    **I.**     **Procedural Background**

On December 6, 2007, a grand jury returned an indictment charging the defendant on multiple charges relating to his possession of a firearm and drug trafficking. On February 20, 2008, defendant entered a plea of guilty to Count 1 (possession with intent to distribute 5 or more grams of cocaine base), Count 2 (possession of a firearm in furtherance of a drug trafficking crime) and Count 3 (forfeiture), pursuant to a written plea agreement. The plea agreement stated:

1

> 8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

Doc. 23. On May 19, 2008, the defendant was sentenced to a term of imprisonment of 60 months on Count 1, to run consecutively with a second term of 60 months on Count 2. Doc. 35. The United States subsequently moved to rescind the preliminary judgment of criminal forfeiture based upon the prior administrative forfeiture of the firearm; that motion was granted and Count 3 was dismissed on June 5, 2008. The defendant filed no appeal.

Defendant's motion seeks to set aside his sentence, pursuant to 28 U.S.C. §2255, on grounds that the imposition of consecutive sentences on Counts 1 and 2 is contrary to a recent Sixth Circuit case, *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010) as well as a 2008 case from the Second Circuit Court of Appeals.

**II. Analysis**

**A. Motion is Time-Barred**

Once a judgment of conviction has become "final," a defendant has one year in which he can file a motion to vacate his conviction or sentence pursuant to 28 U.S.C. §2255. In this case, the defendant's judgment of conviction was entered on May 19, 2008, and became "final" not later than May 29, 2008. *See Sanchez-Castellano v. United States,* 358 F.3d 424 (6th Cir. 2004)(statute of limitations began to run ten days after entry of judgment for defendant who did not seek a direct appeal). In order to be timely filed without resorting to equitable tolling rules, the defendant only had until May 28, 2009 in which to file his §2255 motion. The defendant's motion was signed and filed May 10, 2010, nearly a year beyond the expiration of the statutory deadline.

This court has no authority to amend the relevant statute of limitations but may in some

instances apply equitable tolling. No basis for equitable tolling exists on the facts presented. The statute of limitations is not subject to extension merely because the Sixth Circuit decides a case favorable to the defendant's new argument. Only binding Supreme Court case law that announces a new rule and that has been made retroactively applicable to cases on collateral review provides grounds for extending the statute of limitations. *See* 28 U.S.C. §2255(f)(3); *Dodd v. United States*, 545 U.S. 353, 125 S. Ct. 2478 (2005). In this case, the Sixth Circuit case relied upon by defendant announces only a new rule applicable in the Sixth Circuit on direct review. The court did not rely on any controlling Supreme Court case law but instead expressly recognized a split in circuit case law. *United States v. Almany*, 598 F.3d at 242.

**B. The Motion Is Barred by Defendant's Waiver in His Plea Agreement**

The relief sought by defendant is also barred by the express waiver executed in the defendant's written plea agreement. A motion brought pursuant to 28 U.S.C. §2255 is a collateral attack on a conviction. In his written agreement, the defendant expressly waived his right to appeal and the right to collaterally attack his guilty plea, conviction, and sentence. The waiver was unconditional and contained no exceptions. Therefore, the defendant's present § 2255 motion is barred by the express terms of his plea agreement.

A waiver is a "relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770 (1993). Even a constitutional right may be waived, as long as a defendant did so by knowingly and voluntarily entering into a plea agreement. *See, e.g.*, *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). A waiver in a plea agreement is considered knowing and voluntary if the defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement's terms. See *Davila v. United States*, 258

3

F.3d 448, 451 (6th Cir. 2001).  Even a collateral attack based on ineffective assistance of counsel may be waived.  As the Sixth Circuit stated, "when a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2555." *Id.*  The rare exception to this rule is when the collateral attack concerns the validity of the waiver itself; otherwise, such a waiver would never be effective.

Although no written transcript of the plea proceedings has been filed, it is the practice of this court to discuss such waivers on the record in conformity with Rule 11.  In the absence of any challenge to the validity of the waiver as well as the clearly applicable time bar, the court sees no need to review the audio transcript at this time.[1]  Therefore, the defendant's current motion is without merit.  *See United States v. Gibney,* 519 F.3d 301 (6th Cir. 2008)(valid waiver bars appeal); *Short v. United States,* 471 F.3d 686 (6th Cir. 2006)(waiver of collateral attack barred claims brought in §2255 proceeding); *Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008)(holding that waiver of collateral attack bars right to claim ineffective assistance of counsel); *see also United States v. Harper*, 2008 WL 4829872 (E.D.Ky. Nov. 5, 2008)(rejecting §2255 claim that defendant would never have pleaded guilty but for counsel's false promises where nothing in record suggested that defendant misunderstood the scope of his waiver of his right to appeal and collaterally attack his conviction).

**III. Conclusion and Recommendation**

For the reasons stated herein, **IT IS RECOMMENDED** THAT  the defendant's §2255

---

[1] The court assumes for purposes of this preliminary review that the presiding trial judge complied with its usual practice and Rule 11(b)(1)(N) prior to accepting the defendant's plea agreement. The audiotape of the plea proceeding is maintained in the Clerk's office.  Doc. 38.

motion [Doc. 41] be **denied as time-barred without requiring a formal response** from the United States and dismissed from the active docket. Alternatively, the motion should be denied due to the defendant's express waiver of his right to collaterally attack his conviction. The statute of limitations provides a singular basis for preliminary denial of the motion independent of the presumptively applicable waiver. However, should the reviewing judge find it appropriate to review additional information concerning the waiver, the defendant's plea proceeding should be transcribed and filed for further review.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 13th day of May, 2010.



Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge